# United States District Court
# Northern District of Alabama
# Southern Division

Leon Thomas, Sr., and Pamela D. Thomas, ]
individually and on behalf of themselves and ]
a class described herein, ]
                                                    ]
    Plaintiff(s), ]
                                                    ]
vs.                                         ] CV-00-N-1977-S
                                                    ]
**Crown Pontiac. Inc.,** ]
                                                  ]
    Defendant(s). ]

**ENTERED**

**AUG 2 1 2000**

## Memorandum of Decision

Plaintiffs Leon Thomas, Sr. and Pamela D. Thomas (the "plaintiffs") purchased a 1996 Nissan Maxima automobile from defendant Crown Pontiac, Inc. ("Crown") on or about April 15, 1996. They have now brought this action against Crown claiming certain violations of the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, *et seq*. The contract the parties signed for the sale and purchase of the automobile contained this language:

> **Section E**. Crown Pontiac-Nissan and Customer/ Lessee, **mutually covenant and agree,** in connection with the resolution of any dispute arising out of the contract(s) entered into by the parties of even date herewith, of and concerning the below described motor vehicle, as follows:
>
> That the vehicle described below was manufactured outside of Alabama; has operated and will continue to operate on interstate highways; has been traveling in interstate commerce; the manufacture, lease, sale and use thereof has been and will continue to be regulated by laws of the United States of America; and, that **the contract(s) entered into by the parties this date evidence transactions involving interstate commerce.**
>
> Crown Pontiac-Nissan and Customer/Lessee agree that **all disputes** resulting from or arising out of the sale/lease transaction entered into, (including but not limited to: the terms of this agreement, its breadth and scope, and any term of any agreement contemporaneously entered into by



the parties concerning the above described goods or services acquired or leased by the customer/lessee; the condition of the motor vehicle; the conformity of the motor vehicle sold or leased to the contract of sale or lease; the representations, promises, undertakings or covenants made by Crown Pontiac-Nissan in connection with the sale or lease of the motor vehicle, or otherwise dealing with the motor vehicle; the terms of financing in connection therewith, or the lease terms in connection herewith; any terms or provisions of any credit life and/or disability insurance purchased simultaneously herewith; or any terms or provisions of any extended service contract purchased simultaneously herewith, that Crown Pontiac-Nissan and the customer/lessee **agree to submit** such **dispute(s) to binding arbitration,** pursuant to the provisions of the Federal Arbitration Act , 9 USC 1, et. seq. and according to the Commercial Rules of the American Arbitration Association then existing in Jefferson County, Alabama, except that the arbitrator or **arbitrators** impaneled to arbitrate this matter shall be selected by the parties to this agreement **from lists** of suitable arbitrators **supplied by the American Arbitration Association.** The Alabama Rules of Evidence shall apply. The prepaid arbitration filing fees and costs of the arbitration proceeding shall be paid by the party seeking affirmative relief.

Crown Pontiac-Nissan and the customer)/lessee acknowledge that they **are agreeing to resolve any dispute** between them arising out of or in connection with the lease or purchase of the vehicle described below, **by binding arbitration, rather than by litigation in any court.**

(Emphasis in original.) Each of the plaintiffs added his or her initials to the quoted section, indicating they had read or were aware of the arbitration provision. Crown has moved the court to stay the action and to compel the plaintiffs to engage in the binding arbitration required of them in their contract. The motion will be granted.

The plaintiffs have been afforded an opportunity to respond to the motion and have done so. The court has examined the arguments of plaintiffs and, with one significant exception, find the arguments have either been decided adversely to the plaintiffs by controlling decisional precedent or are unpersuasive. The plaintiffs argue that their arbitration agreement cannot be enforced for the reason that it imposes on them excessive costs, effectively denying them any opportunity to seek meaningful relief.

The Court of Appeals for the Eleventh Circuit has addressed the issue. In *Randolph v. Greene Tree Financial Corp.–Alabama*, 178 F.3d 1149 (1999), the court refused to enforce an arbitration agreement because

> it fails to provide the minimum guarantees required to ensure that Randolph's ability to vindicate her statutory rights will not be undone by steep filing fees, steep arbitrators' fees, or other high costs of arbitration. *See Paladino*, 134 F.3d at 1062 ("When an arbitration clause has provisions that defeat the remedial purpose of the statute, ... the arbitration clause is not enforceable." (citation omitted)).

*Id.*, at 1158. The arbitration clause at issue here provides that prepaid fees and "costs of the arbitration proceeding shall be paid by the party seeking affirmative relief." Here, it is the plaintiffs who seek affirmative relief and it is upon them that the agreement would place the costs of the arbitration. Under *Randolph*, such an agreement would present some concern about its enforcement. Here, however, the contract also provides that, "If **any provision** of this agreement is found to be **unenforceable**, such provision **shall be** considered **severed** from the remaining provisions of this agreement, **and** such **remaining provisions shall** be and **remain in full force** and effect."

In order to vindicate the strong federal policy favoring arbitration and yet afford the plaintiffs a meaningful opportunity to pursue their TILA claims in the manner they agreed, the court will not enforce the payment provisions of the arbitrate, instead requiring arbitration on the condition that the defendant pay all costs of arbitration over and above any amount the plaintiffs have paid as a filing fee in this litigation. The action will be dismissed without prejudice to the right of any party to petition the court to reopen the action at the conclusion of arbitration in order to resolve any matters not finally settled by the arbitration.

An appropriate separate judgment in conformity with this opinion will be entered.

Done, this **1st** of August, 2000.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE